IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MYONG JUN KIM, et al., | : | |
| | : | |
| v. | : | CIVIL NO. CCB-05-485 |
| | : | |
| ALBERTO GONZALES, et al. | : | |
| | : | |

...o0o...

**MEMORANDUM**

The plaintiffs in this case seek to challenge the United States Citizenship and Immigration Service's ("USCIS")[1] decision to deny adjusting their immigration status to that of permanent residents under § 245(k) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(k).  Pending is a motion to dismiss or for summary judgment by the government.  The motion will be denied without prejudice, because the court has serious doubts regarding its subject matter jurisdiction over this case, as explained below.  Instead, the court will grant the plaintiffs time to brief the jurisdictional issue, if they so choose.  *See Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (plaintiffs have the burden of proving that subject matter jurisdiction exists.)

While the plaintiffs' complaint seeks review of the agency's decision to deny their status adjustment, the government instead frames the suit as requesting review of the agency's denial of the plaintiffs' motion for reconsideration (or motion to reopen), which it argues the court lacks

---

[1] Prior to the reorganization pursuant to the creation of the Department of Homeland Security, the plaintiffs dealt with the Immigration and Naturalization Service, the predecessor to the USCIS.  For the sake of convenience, all references will be made to the USCIS unless otherwise noted.

1

jurisdiction to do.[2]

Rather than address this argument, the court finds that there appears to be "a more obvious bar to jurisdiction," namely 8 U.S.C. § 1252(a)(2)(B). *Afsharzadehyadzi v. Perryman*, 214 F.Supp.2d 884, 887 (N.D.Ill. 2002). While the government has stated that it does not rely on this provision here, the court is under an independent obligation to raise doubts as to its jurisdiction in any case. *See*, *e.g.*, *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004); *U.S. v. White*, 139 F.3d 998, 999-1000 (4th Cir. 1998); *Becker v. Dept. of Army*, 981 F.Supp. 905, 908 (D. Md. 1997).

Section 1252(a)(2)(B), which was added to the statute by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), reads:

---

[2] At this stage, the court is skeptical of the government's theory. A denial of status adjustment due to abandonment is not subject to an administrative appeal, only to a motion to reopen, 8 C.F.R. § 103.2(b)(15). The government argues that because of the agency's wide discretion over whether to grant a motion to reopen, and the lack of judicially manageable standards under which to review that decision, the APA precludes judicial review. *See* 5 U.S.C. §701(a)(2) (providing that there shall be no judicial review where "agency action is committed to agency discretion by law"). However, the "final agency action" of which the plaintiffs are seeking review is the underlying denial of the status adjustment. 5 U.S.C. § 704; *see, e.g., Pinho v. Gonzales*, 432 F.3d 193, 202 (3d Cir. 2005) (holding that a denial of status adjustment is a reviewable final agency action, at least where deportation proceedings have not yet begun). This is in contrast to the cases cited by the government, in which the plaintiffs actually sought review of the agency's denial of a motion to reopen or a motion for reconsideration as to a removal proceeding. *Ekimian v. INS*, 303 F.3d 1153, 1158 (9th Cir. 2002); *Prado v. Reno*, 198 F.3d 286, 290-91 (1st Cir. 1999) (expressly distinguishing between judicial review of an underlying agency action and of a motion to reopen); *Luis v. INS*, 196 F.3d 36, 40 (1st Cir. 1999) (only noting that the agency possessed unfettered discretion to reopen a case pursuant to its *sua sponte* authority, not pursuant to a motion). If the courts were to accept the government's position, then an agency, rather than Congress, could effectively shield any administrative decision from review by adopting a "motion to reopen" mechanism rather than an internal appeal process. At the very least, accepting the government's position would requiring surmounting the "strong presumption in favor of judicial review of administrative action." *INS v. St. Cyr*, 533 U.S. 289, 298 (2001); *Obioha v. Gonzales*, 431 F.3d 400, 405 (4th Cir. 2005).

> Notwithstanding any other provision of law (statutory or nonstatutory)...and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
> > (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 [adjustment of status] of this title...

Although the title of the entire section is "Judicial review of orders of removal," the actual statutory language, which is broadly phrased, must control. *See Ana Int'l, Inc. v. Way*, 393 F.3d 886, 896 (9th Cir. 2004) (noting that despite the conflict between the narrow title and the broad text of § 1252, "the heading of a section cannot limit the plain meaning of the text") (quoting *Bhd. of R.R. Trainmen v. Baltimore & Ohio Ry. Co.*, 331 U.S. 519, 529 (1947)). While generally only courts of appeal have jurisdiction over the review of removal orders, *see* § 1252(a)(5), subsection (a)(2)(B) refers to "no court," indicating that its preclusive effect is directed at district courts as well. Furthermore, the language "regardless of whether the judgment, decision, or action is made in removal proceedings," which was added as part of the REAL ID Act of 2005, also removes any doubt as to whether the provision applies in a challenge to agency action outside of a removal proceeding.

In line with this reasoning, numerous district courts have held that 1252(a)(2)(B) completely bars their jurisdiction over a challenge to a denial of status adjustment. *See, e.g.*, *Afsharzadehyadzi*, 214 F.Supp.2d at 887; *Holasek v. United States Dept. of Justice*, 123 F.Supp.2d 1126, 1128 (N.D.Ill. 2000); *Amoakowaa v. Reno*, 94 F.Supp.2d 903, 905 (N.D.Ill. 2000); *Sadowski v. INS*, 107 F.Supp.2d 451, 453-54 (S.D.N.Y. 2000); *Diallo v. Reno*, 61 F.Supp.2d 1361, 1367 (N.D.Ga. 1999); *see also McBrearty v. Perryman*; 212 F.3d 985 (7th Cir. 2000) (affirming district court's dismissal of case seeking review of denial of status adjustment under § 1252(a)(2)(B)(i)); *but see Pinho v. Gonzales*, 432 F.3d 193, 200 (3d Cir. 2005) (holding

3

that a district court has jurisdiction to review a denial of status adjustment under 28 U.S.C. § 1331 and 5 U.S.C. § 704).[3]  In *Velasquez-Gabriel v. Crocetti*, 263 F.3d 102 (4th Cir. 2001), the Fourth Circuit cited § 1252(a)(2)(B) for the proposition that "[w]e lack jurisdiction to review a denial of status adjustment." *Id*. at 104 n.1; *see also Igwebuike v. Caterisano*, 2005 WL 745577 at * 4 (D. Md., Mar 18, 2005) (holding, in an immigration habeas case, that this language in *Velasquez-Gabriel* prevented the district court from reviewing a denial of status adjustment). The court revisited this issue, however, in the recent case of *Obioha v. Gonzales*, 431 F.3d 400 (4th Cir. 2005). Noting that it had "not yet addressed the full extent of section 1252(a)(2)(B)(i)," *id.* at 405, the court held that the provision "preclude[s] review only where the basis for the discretionary decision addresses the merits of an enumerated provision." *Id.* at 406.

In the *Obioha* case, the INS commenced removal proceedings against Ms. Obioha, a Nigerian citizen, based on fraudulent misrepresentations made in her application for naturalization, after which she applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(a). *Id.* at 403. After the immigration judge ("IJ") pretermitted Obioha's application, she appealed to the Board of Immigration Appeals ("BIA"). *Id.* at 404. In light of a BIA decision issued while her appeal was pending, she filed a motion with the BIA to remand her case to the IJ so that she could apply for cancellation of removal as a nonpermanent resident under § 1229b(b). *Id.* The BIA denied Obioha's motion for two reasons: (1) her motion failed to address the elements of prima facie eligibility, and (2) she offered no persuasive reason why she failed to pursue the requested avenue of relief earlier. *Id.* Obioha brought a challenge to that order in the

---

[3] Several of these district court decisions held that the APA does not provide jurisdiction in such a case. *Afsharzadehyadzi*, 214 F.Supp.2d at 888; *Holasek*, 123 F.Supp.2d at 1129; *Diallo*, 61 F.Supp.2d at 1367; *but see Pinho*, 432 F.3d at 200.

4

Fourth Circuit, which held that 1252(a)(2)(B)(i) did not bar jurisdiction because "neither the BIA nor the IJ ever decided Obioha's request for cancellation of removal as a nonpermanent resident on the merits – her request never got that far." *Id.* at 405.

The *Obioha* court relied on its earlier decision in *Stewart v. INS*, 181 F.3d 587 (4th Cir. 1999), where it held, under the transitional IIRIRA rules, that the BIA's denial of a motion to reopen deportation proceedings was not "a decision under...[INA] section 245," because the board never reached the merits of the plaintiff's status adjustment application. *Id.* at 594-95.[4] The court also noted that

> other circuits have similarly concluded that 8 U.S.C. § 1252(a)(2)(B)(i) bars review only of discretionary decisions on the merits of the enumerated sections. *See Prado v. Reno,* 198 F.3d 286, 290-91 (1st Cir.1999) (gatekeeper provision did not bar review of the dismissal of a motion to reopen to seek adjustment of status); *Medina-Morales v. Ashcroft,* 371 F.3d 520, 527 (9th Cir.2004) (court could review denial of a motion to reopen to seek adjustment of status); *Subhan v. Ashcroft,* 383 F.3d 591, 594 (7th Cir.2004) (permitting review of a denial of a request for a continuance to seek adjustment of status); *Pilica,* 388 F.3d at 948 (court could review a denial of a motion to remand to apply for an adjustment of status); *Guerra-Soto v. Ashcroft,* 397 F.3d 637, 640 (8th Cir.2005) (allowing review of a denial of a motion to reopen to seek cancellation of removal); *Manzano-Garcia v. Gonzales,* 413 F.3d 462, 468 (5th Cir.2005) (court could review denial of a motion to reopen to seek adjustment of status).

*Obioha*, 431 F.3d at 406; *accord Paunescu v. I.N.S.*, 76 F.Supp.2d 896, 900 (N.D.Ill. 1999) (holding that § 1252(a)(2)(B)(i) did not bar review where the application for adjustment of status had not yet been adjudicated by the time the complaint was filed).

The dispositive factor in *Obioha*, and in the other cases it cites, was that the agency decision under review was not a decision on the merits under a section enumerated by the gatekeeper

---

[4] The *Obioha* court noted that although "the language of the transitional rules is not identical to that of the permanent rules, we believe that the *Stewart* court's reasoning continues to apply." *Id.* at 406.

provision. *Obioha*, 431 F.3d at 407, 405.[5] The Fourth Circuit noted, on the other hand, that it is "quite clear" that § 1252(a)(2)(B)(i) "bars our jurisdiction to review a decision of the BIA to actually deny a petition" for one of the enumerated forms of discretionary relief. *Obioha*, 431 F.3d at 405. The Fourth Circuit reaffirmed this broad construction in *Jean v. Gonzales*, 435 F.3d 475 (4th Cir. 2006). First, it noted that other circuit courts have more narrowly held that while 1252(a)(2)(B)(i) eliminates judicial review of agency decisions resting on the exercise of discretion, it does not bar jurisdiction over "non-discretionary legal determinations regarding an alien's eligibility" for such relief. *Id.* at 480 (citing *Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir.2005); *Morales-Morales v. Ashcroft*, 384 F.3d 418, 421-22 (7th Cir.2004); *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 178 (3d Cir.2003)).[6] Confirming that it had not yet weighed in on this issue, the court concluded that the passage of the REAL ID Act of 2005 made it unnecessary to do so, at least within the context of that case. *Jean*, 435 F.3d at 480.

---

[5] *See also Prado*, 198 F.3d at 289 (noting that "the request for adjustment of status has never been ruled on"); *Medina-Morales,* 371 F.3d at 527 ("[T]he IJ *never ruled* on Medina-Morales' adjustment of status petition but instead *granted* his request for voluntary departure.") (emphasis in original); *Subhan*, 383 F.3d at 594 ("[T]he purpose behind the door-closing provision is presumably to shield from judicial review judgments regarding the propriety of adjusting an alien's status, and no such judgment has ever been made with regard to Subhan"); *Pilica*, 388 F.3d at 945; *Guerra-Soto,* 397 F.3d at 640; *Manzano-Garcia,* 413 F.3d at 468.
   Although the *Obioha* court noted that one of the BIA's grounds for denying the plaintiff's motion to remand was that she had failed to address the elements of a prima facie case in her motion itself, the court concluded that this basis was a procedural "deficiency of the motion to remand, not a discretionary decision on the merits." 431 F.3d at 407-08.

[6] The plaintiff cited *Hernandez v. Ashcroft*, 345 F.3d 824, 845 (9th Cir. 2003) and *Medina-Morales v. Ashcroft,* 371 F.3d 520 (9th Cir.2004) for this same proposition. As the surrounding discussion makes clear, *Hernandez* does not represent the present law of this circuit. *Medina-Morales* is distinguishable from the present case because there, the agency never ruled on the alien's application. *See supra* note 5.

Through that act, Congress added subsection (D) to § 1252(a)(2), which reads: "Nothing in subparagraph (B)...which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). The *Jean* court noted that because of this new provision, direct judicial review is available for constitutional questions or questions of law arising from the agency's decision to deny discretionary relief. 435 F.3d at 480; *see also Higuit v. Gonzales*, 433 F.3d 417 (4th Cir. 2006), *Obioha*, 431 F.3d at 405 n.3. Finding that § 1252(a)(2)(D) provides jurisdiction in such circumstances, the court left undisturbed its broad reading of 1252(a)(2)(B).[7]

It is clear, however, that by its express terms, § 1252(a)(2)(D) only provides such jurisdiction to courts of appeals and not to district courts. *See Rodas v. Chertoff*, 399 F.Supp.2d 697, 706 (E.D.Va. 2005) (holding that § 1252(a)(2)(D) does not provide district courts jurisdiction to review even constitutional claims). Contrary to the plaintiffs' suggestion, therefore, this new provision does not provide the court with jurisdiction here.

---

[7] In its recent decision in *Pinho v. Gonzales*, however, the Third Circuit emphasized the importance of "distinguish[ing] carefully between a denial of an application to adjust status, and a determination that an immigrant is legally ineligible for adjustment of status." 432 F.3d at 203. In strong terms, the *Pinho* court stated that "[t]o treat all denials of adjustment as discretionary, even when based on eligibility determinations that are plainly matters of law, is to fundamentally misunderstand the relationship between the executive and the judiciary." *Id.* Although the Fourth Circuit in *Jean* noted that the addition of § 1252(a)(2)(D) expressly grants jurisdiction to review questions of law to *courts of appeals*, to the extent it has not directly adopted or rejected this distinction between discretionary and nondiscretionary aspects of a status adjustment denial, the court has left open the issue of whether a *district court* has jurisdiction to review such questions. *See Jean*, 435 F.3d at 480 (finding it "unnecessary" to resolve the issue in light of the REAL ID Act). The *Pinho* court expressly relied on this distinction in holding that a district court does have jurisdiction to review a determination of eligibility for status adjustment, notwithstanding § 1252(a)(B) and the REAL ID Act. *Id.* at 204.

7

In the present case, it appears that the USCIS did make an actual decision on the merits of the Kims' application, albeit one based on a determination that the Kims had abandoned their application. *See* Letter from Sandra M. Bushey, USCIS, to Myong Jung Kim, October 4, 2004. Furthermore, the agency's denial of the Kims' subsequent motion for reconsideration also addressed the merits of their application, including a determination that they were statutorily ineligible for the status adjustment. *See* Letter from Paul E. Novak., Jr., to Myong Jung Kim, Jan. 18, 2005. Accordingly, under current Fourth Circuit law, § 1252(a)(2)(B)(i) appears to bar jurisdiction in this court even if constitutional claims or questions of law are presented.

Were the court to dismiss this case, however, the plaintiffs would not be left without a remedy. An individual denied an adjustment of status has the right to renew his or her request for adjustment of status upon the commencement of removal proceedings. *See* 8 C.F.R. § 245.2(a)(5)(ii); *Holasek*, 123 F.Supp.2d at 1129; *Afsharzadehyadzi*, 214 F.Supp.2d at 888; *McBrearty*, 212 F.3d at 987 (noting that claimants' suit was "premature, since...they could obtain review of the district director's decision by the Board of Immigration Appeals if and when the immigration service institutes removal (i.e. deportation) proceedings against them"); *but see Pinho*, 432 F.3d at 201 & n.10 (sharply criticizing the reasoning of *McBrearty* and holding that review of a denial of status adjustment should not be barred by failure to exhaust administrative remedies where deportation proceedings have not yet begun).[8] Moreover, to the extent the agency's decision to decline the Kims' application for status adjustments involves one or more questions of law, they may be able to challenge any adverse decision by the BIA in an appropriate court of appeals under

---

[8] To be clear, the government has not made an argument for dismissal based on failure to exhaust remedies, and it appears that removal proceedings have not been commenced as to the Kims.

8

8 U.S.C. § 1252(a)(2)(D). *Jean*, 435 F.3d at 480; *cf. Higuit*, 433 F.3d at 420 (holding that the plaintiff did not raise a reviewable question of law in part because there was no dispute that he met the statutory prerequirements for an adjustment of status).[9]

Notwithstanding the above analysis, it would not be appropriate to dismiss for lack of subject matter jurisdiction without giving the parties an opportunity to address the concerns raised in this opinion, especially in light of the recent appellate decisions to which it refers. Given that the plaintiffs have the burden of demonstrating subject matter jurisdiction, *Evans*, 166 F.3d at 647, I will grant them 30 days to file a brief asserting that jurisdiction does exist here, to which the government would be free to respond under the usual timeframe. If neither party responds to this memorandum within 30 days, the case will be dismissed for lack of subject matter jurisdiction, for the reasons stated herein.

A separate Order follows.

   March 7, 2006                     /s/          
      Date                                              Catherine C. Blake
                                                     United States District Judge

---

[9] The court expresses no opinion on whether this action could have been brought originally in a court of appeals or whether this suit is amenable to transfer to the Fourth Circuit.