IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MYONG JUN KIM, et al., | : | |
| | : | |
| v. | : | CIVIL NO. CCB-05-485 |
| | : | |
| ALBERTO GONZALES, et al. | : | |
| | : | |

...o0o...

**MEMORANDUM**

In response to the court's memorandum of March 7, 2006, the parties in this case have filed supplemental briefs regarding subject matter jurisdiction. After consideration of their arguments, the court will adopt the provisional conclusion of its earlier opinion and dismiss this case for lack of subject matter jurisdiction.[1]

Even to the extent other circuits have held that 8 U.S.C. § 1252(a)(2)(B)(i) does not bar jurisdiction – district or appellate – over the type of non-discretionary questions of statutory eligibility potentially at issue in this case, the Fourth Circuit has never adopted a similar position. Accordingly, the court must follow the circuit's law as stated in *Velasquez-Gabriel v. Crocetti*, 263 F.3d 102 (4th Cir. 2001) and *Jean v. Gonzales*, 435 F.3d 475 (4th Cir. 2006). Under these cases, § 1252(a)(2)(B)(i) bars all jurisdiction to review a denial of status adjustment, except where § 1252(a)(2)(D) allows a court of appeals to review constitutional claims and questions of law raised in a petition for review of a final removal order. *Velasquez-Gabriel*, 263 F.3d at 104 n.1; *Jean*, 435 F.3d at 480; *see also Hamdan v. Gonzalez*, 425 F.3d 1051, 1057 (7th Cir. 2005). The court therefore has no jurisdiction to hear the plaintiffs' claim.

---

[1] Given that the government has not renewed its original motion to dismiss, which argued for dismissal on grounds other than those relied on here, the court will dismiss the case *sua sponte*. *See In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (federal court has duty to dismiss action *sua sponte* where no jurisdiction exists).

This conclusion, regrettably, might place the plaintiffs in a uncomfortable state of limbo, inasmuch as they would have no further opportunity to challenge the USCIS's decision and clarify their legal status unless and until the government initiates removal proceedings against them.  *Cf. Pinho v. Gonzales*, 432 F.3d 193, 200-03 (3d Cir. 2005).  Nevertheless, the court is bound to apply the law of this circuit as it currently stands.

A separate Order follows.


    June 19, 2006                                      /s/
        Date                                        Catherine C. Blake
                                                United States District Judge